# Exhibit 28

# [Redacted Public Version]



4 November 2020

Judge James E. Boasberg
U.S. District Court for the District of Columbia
333 Constitution Avenue
N.W., Washington, District of Columbia 20001

Dear Judge Boasberg,

I was an intelligence analyst for the Federal Bureau of Investigation ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. I am aware that Kevin Clinesmith pleaded guilty to making a false statement in the course of his work at the Federal Bureau of Investigation. I am writing the Court in support of Kevin because I know his character and work ethic, and I believe his mistake was not representative of the innumerous diligent decisions he made in service of the United States Government. I also believe he had no malicious intent as his statement aligns with my understanding of the situation.

I met Kevin when we were staffed ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Our professional relationship continued through our assignment to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Kevin and I developed a personal friendship based on similar familial histories – experiences that could have prescribed different lives than the ones we chose. From our personal conversations, I know that Kevin overcame the adversity of his often-poignant past with compassion and kindness. Driven by a sense of purpose, he only wanted to serve and protect the United States. When I questioned the personal toll of selfless government service, he was resolute - there was no greater mission than protecting our country from hostile foreign actors. Every action I saw Kevin take at the Bureau aligned with this purpose, and I did not witness anything that would change my understanding.

Through our personal relationship, I was aware of Kevin's social and political beliefs. Despite uninformed public conjectures, at no time did I experience political ideology of FBI personnel impact the course of our investigations. Kevin's professional actions were thoughtful, diligent, and based on doing what was right despite the arduous nature of our work. We worked on weekends and holidays, from early morning hours until long after our colleagues had gone home. On one rare day off, Kevin hosted a social event at his home. Shortly after his guests arrived, the Bureau called. Kevin left his friends in his home and reported to work. That was Kevin. Our nation's security came before his personal happiness.

On top of sacrificing our personal lives and relationships for our country, we were held to impracticable standards. Often, unimaginable work burdens and public pressures exacerbated the fact that almost every waking hour of our lives was assigned to "official duty." There were stretches of days we only left the

office to snag a few hours of sleep and a shower before returning to work, struggling to keep separate our personal selves from our perfect selves. FBI employees are justifiably subjected to immense scrutiny, and we are measured against unattainable levels of perfection in hindsight. But the reality is that no human can ever be perfect – especially under stress – no matter how hard he or she tries.

In addition to Kevin's character and work ethic, I believe Kevin had no intention of misleading his colleagues or the Court. From my best recollection, I understood that an OGA "operational contact" was not a source. This interpretation was supported by former Director James Comey's testimony to the Senate Judiciary Committee on September 30, 2020, in which he corrected Senator Lindsey Graham's portrayal of Individual #1 as a "source" for an OGA. Also from my best recollection, I understood the threshold for assigning "operational contact" status to an individual was significantly below the standards used by the FBI for confidential human sources. Characterizing a "contact" as a "source" could lead someone to believe the individual has truthful intentions and is not working as an agent of a foreign power when neither presupposition could be correct. I know that detailing my understanding does not change the fact that the relationship was not presented to the Court, but I believe it demonstrates Kevin had no malicious intent.

Based on my personal understanding of Kevin's character, his work ethic, and the circumstances in which we were required to operate, I am asking the Court to deliver a lenient sentence. I do not believe a person of good character who has sacrificed so much to protect the United States should be punished for a momentary misjudgment made under pressure when a misalignment of agency terminologies suggests a lack of malicious intent. Thank you for considering my support for Kevin in your decision.

Respectfully,

