# Exhibit 64

[Redacted Public Version]

Hon. James E. Boasberg
U.S. District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

    Re: *United States v. Clinesmith*, 1:20-cr-00165-JEB (D.D.C.)

Dear Judge Boasberg:

I write to provide you with one perspective on Kevin Clinesmith for your consideration in determining an appropriate sentence.

I served for 21 years in the Department of Justice, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ I write this letter in my personal capacity.

It was during my tenure in the Special Counsel's Office that I first met Kevin. I had been told before I met him that he was a superb FBI lawyer, who reported to ▮▮▮▮ a supervisor who I worked with when I was ▮▮▮▮▮▮▮▮ and respected immensely. My interactions with Kevin, both directly and indirectly, in our office lived up to that advance billing. I ▮▮▮▮▮ one of the office's teams, and on all the legal issues on which we worked with Kevin, I found him to be diligent, reliable, smart, and efficient. From my experience at the FBI it became clear to me that the FBI had selected him for our office precisely because he had all these characteristics. Among other things, Kevin expedited various urgent legal process requests, dealt efficiently with declassification reviews, and assisted in the various technical issues arising from our interest in accessing a damaged electronic device after obtaining appropriate legal authority. I and others felt fortunate to have him as our FBI coordinator to work on this important investigation.

I was, of course, surprised to learn of the charge in this matter, as it was so out of keeping with the person I knew from my time at the Special Counsel investigation. I therefore looked closely at the charge, to try to understand the discrepancy between the charge and the person I and others dealt with. Having just read news reports about the charge, I at first thought Kevin was guilty of lying to

the FISC and the NSD lawyers who had the primary responsibility for preparing submissions to that court. I was relieved to see that that was not the case, and that Kevin has in fact provided the precise, unchanged material to the NSD attorneys.

Nevertheless, I was deeply saddened to learn that Kevin had changed one email to make it appear to say directly, something that it did not, even though I understand that Kevin believed the change was not making the email substantively different (i.e. he understood that the subject was not in fact a source). Given that Kevin had provided the full email text to NSD, whose role is to prepare the court applications, his action is inexplicable to me. I can only imagine it was an effort by Kevin not to have to go back to his ▮ contact to say that the FBI needed to have its representation in writing. No matter whether that is the reason, or it is some other, changing the email was both inarguably wrong and irresponsible. Even though it is hard for me to understand how that is a material misrepresentation to the court or the NSD, or even the FBI supervisor, it is nevertheless at the very least inexcusable.

That single act of improper conduct, as wrong as it is, is inconsistent with the lawyer who I knew and dealt with at the Department of Justice. Kevin's service to the Department was considerable and otherwise admirable. His service to the Department, his lack of intent to mislead the NSD lawyers and the FISC, and the isolated and aberational nature of his misconduct should, respectfully, weigh in his favor in fashioning condign punishment.

I appreciate your time in considering this perspective on Kevin, and would be happy to answer any questions you may have.

Respectfully submitted,

