UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>   *Plaintiff* )<br>)<br>v. )<br>)<br>KEVIN CLINESMITH, )<br>)<br>   *Defendant* )<br>_____ ) | Case No. 1:20-cr-165-JEB |

**REPLY IN SUPPORT OF MOTION OF THE NATIONAL CRIME VICTIM LAW INSTITUTE, THE NATIONAL ORGANIZATION FOR VICTIM ASSISTANCE, THE NATIONAL CENTER FOR VICTIMS OF CRIME, ARIZONA VOICE FOR CRIME VICTIMS, THE NETWORK FOR VICTIM RECOVERY OF THE DISTRICT OF COLUMBIA, OHIO CRIME VICTIM JUSTICE CENTER, ROCKY MOUNTAIN VICTIM LAW CENTER, SOUTH CAROLINA VICTIM ASSISTANCE NETWORK, AND UTAH CRIME VICTIMS LEGAL CLINIC FOR LEAVE TO FILE BRIEF AS AMICI CURIAE IN SUPPORT OF MOTION FOR RELIEF UNDER THE CRIME VICTIMS' RIGHTS ACT AND REQUEST FOR AN EXPEDITED BRIEFING SCHEDULE**

COME NOW the National Crime Victim Law Institute, the National Organization for Victim Assistance, the National Center for Victims of Crime, Arizona Voice for Crime Victims, Network for Victim Recovery of the District of Columbia, Ohio Crime Victim Justice Center, Rocky Mountain Victim Law Center, South Carolina Victim Assistance Network, and Utah Crime Victims' Legal Clinic (hereinafter Amici Crime Victims' Rights Organizations) to file this reply in response to Defendant Clinesmith's Opposition (Dkt. 29) to Amici's motion for leave to file an amicus brief (Dkt. 28) in support of Dr. Carter Page's Motion for Relief Under the Crime Victims' Rights Act (CVRA) (Dkt. 23-2).

Defendant first argues that Amici seek to "inject a different issue entirely" than the one currently before the Court. Opp. 1. This is incorrect. The issue currently before the Court is whether Dr. Page is a "victim" protected by the CVRA; Amici do not inject a new issue, but rather provide different and relevant analysis regarding this important and nationally significant legal issue that the Court must decide. Defendant next argues that this Court's local rules do not permit amicus briefs in criminal cases. Defendant misunderstands the structure of the local rules, which do permit such filings with this Court's permission.

### I. Amici Do Not Present a New Issue to the Court.

Defendant first argues that Amici seek to present a new issue to the Court. Opp. 3-8. They do not. As relevant to Amici's motion, the issue before the Court is whether Dr. Page is a "victim" within the CVRA. That is the motion presently before the Court that Amici seek to support. *See* Mot. for Relief under the CVRA (Dkt. 23-2) at 1 ("Dr. Page therefore respectfully moves the Court to issue an order confirming his status as a statutory victim."). Amici argue that Dr. Page's pending motion should be granted, but provide additional analysis supporting this conclusion. For example, in support of Dr. Page's motion, Amici provide legislative history and background surrounding the CVRA not previously provided to this Court. Proposed Amici Br. (Dkt. 28-1) at 3-7. As another example, Amici provide the subsequent history of a case decided by this Court that Defendant relied upon in his sentencing memorandum—subsequent history that reveals that the proposition for which the Defendant cited the case was incorrect. *See id.* at 15-18

(discussing *United States v. Giraldo-Serna*, 118 F. Supp. 3d 377 (D.D.C. 2015) *mandamus granted in part by In re de Henriquez*, 2015 WL 10692637 (D.C. Cir. 2015), *on remand*, U.S. v. Giraldo-Serna, No. 04-114-1-RBW, Dkt. 541 (Mar. 14, 2016) (granting CVRA "victim" motion that this Court had previously denied). These examples confirm that Amici—who include many of the nation's most prominent and knowledgeable crime victims' rights organization—have important information to provide to his Court. This is precisely the circumstance where Amici briefs are permitted. *See* Defendant's Opp. at 4 (noting that amici brief is appropriately accepted where amici have "'unique information or perspective that can help the court beyond the help the lawyers for the parties are able to provide'") (quoting *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008)).

Fully confirming this understanding is the fact that Dr. Page does not view Amici's brief as changing the issues before the Court. As he explains in his Notice of non-opposition to Amici's motion:

> The [proposed] amicus brief squarely addresses only the issue raised by Dr. Page in his motion—that he is a victim under the CVRA and entitled to the rights therein. The proposed amicus brief does not address any other issue presented to the Court in this criminal (sentencing) matter. Presenting differing or complementary analysis to the Court on an issue does not constitute "raising a new issue." Indeed, it is precisely the role of amici to present third party perspective and analysis to assist the Court in addressing the issue before it.

Dkt. 30 at 2. To be sure, Dr. Page advances a slightly more extended argument than that advanced by Amici, namely that: (1) Defendant criminally submitted a false statement to

3

his supervisor; (2) his supervisor foreseeably relied on that false statement in a warrant submission to the FISA court; (3) the FISA court then renewed a warrant; and (4) this renewed warrant harmed Dr. Page. Amici, simply argue that all four steps of this chain of causation are not needed to establish "victim" status under the CVRA. Instead, Amici argue that because of the CVRA's broad scope, this Court can simply reach the "victim" conclusion by stopping at step (2) of the analysis that Dr. Page has already presented.

This Court has previously ruled that amici briefs can present new *arguments* on issues already pending before the Court. *See, e.g.*, *Matter of Search of Info. Associated with [redacted]@mac.com that is Stored at Premises Controlled by Apple, Inc.,* 13 F. Supp. 3d 157, 167 (D.D.C. 2014) (noting that courts "have permitted parties to file amicus briefs where 'the brief will assist the judges by presenting ideas, *arguments*, theories, insights, facts, or data that are not to be found in the parties' briefs.'" (emphasis added) (quoting *Voices for Choices v. Illinois Bell Tel. Co.,* 339 F.3d 542, 545 (7th Cir. 2003)); *see, e.g., Hard Drive Prods., Inc. v. Does 1-1,495*, 892 F. Supp. 2d 334, 338 (D.D.C. 2012) (allowing filing of an amicus brief to present "an issue not developed fully in the motions" filed by the parties). Indeed, if accepted, Defendant's position would create a proverbial Catch-22: if Amici's brief did not present new arguments, it is hard to understand how the brief could be helpful to this Court. *Cf. WildEarth Guardians v. Zinke,* 368 F. Supp. 3d 41, 59 (D.D.C. 2019) (rejecting the filing of an amicus brief because *"*the Court does *not* believe that [the proposed] amicus brief presents *arguments that are not already found* in the parties' briefs." (emphases added)).

4

Defendant has not given any specific reason why he will be harmed if this Court accepts the proposed amici brief. Indeed, this Court has held briefing on the "victim" issue in abeyance, pending a ruling on Amici's motion. Minute Order (Dec. 17, 2020). If the Court grants the motion and allows filing of the brief, Defendant will be able to respond to all of the arguments that Amici present. And because a briefing schedule can be set that will allow a ruling on or before sentencing on January 7, no delay in the proceedings will occur.

## II. The Court's Local Rules Authorize the Acceptance of an Amicus Brief in a Criminal Case.

Defendant also maintains that this Court's local rules deny the Court any ability to accept an amicus brief in a criminal case. Opp. 8-12. If true, this conclusion would surely come as a surprise to numerous judges on this Court, who have previously accepted amicus briefs in criminal cases. *See* Amici Mot. at 9 n.2 (citing decisions by Judges Kessler, Bates, Huvelle, Jackson, and Sullivan allowing amicus briefs in criminal cases). But the Defendant's argument misapprehends this Court's local rules.

As is common in federal district courts around the country, this Court's civil rules include numerous provisions that are applicable in *both* civil and criminal cases. Far reaching civil rules render it unnecessary to have duplicate criminal rules. This is why this Court's civil rules make clear that their reach extends to both civil and criminal cases:

> Scope, Construction and Amendments
> (a) Scope and Construction

5

> These Rules govern *all* proceedings in the United States District Court for the District of Columbia. These Rules supplement the Federal Rules of Civil *and Criminal* Procedure and shall be construed in harmony therewith.

LCvR 1.1 (emphases added). Obviously, in using the term "all" and referencing harmonious application with the Federal Rules of *Criminal* Procedure, the plain language of the rule extends to criminal cases. Indeed, a word search for the term "criminal" in the text of the local civil rules produces more than 50 references. *See, e.g.,* LCvR 16.2(b) ("Actual trials of civil or *criminal cases* in this Court or in the Superior Court will be accorded priority over any nontrial matters in either court"); LCvR 40.1 ("Unless otherwise provided in these Rules, each civil and *criminal* case shall be assigned to a single judge in the manner provided herein."); LCvR Rule 40.5(a)(1) ("*Criminal* cases are deemed related when ….").

Defendant argues that "it is clear that civil rules apply in civil cases, and criminal rules apply in criminal cases." Opp. 9. But this merely states two half-truths: while the civil rules obviously apply in civil cases, they also apply (when relevant) in criminal cases.

As Defendant concedes, the Local Civil Rules allow for the filing of amici briefs. LCvR 7(o). Accordingly, this Court is authorized to accept Amici's proposed brief by operation of that rule in this criminal case.

## CONCLUSION

The Court should grant Amici Crime Victims' Rights Organizations leave to file an amici brief in support of Dr. Page's motion for relief under the CVRA.

Respectfully submitted,

/s/ James. R. Marsh

| | |
|---|---|
| James R. Marsh | Paul G. Cassell |
| (Local Counsel) | (Counsel of Record) |
| MARSH LAW FIRM PLLC | S.J. QUINNEY COLLEGE OF LAW |
| 31 Hudson Yards | University of Utah |
| 11th Floor | 383 S. University St. |
| New York, NY 10001 | Salt Lake City, UT 84112 |
| (212) 372-3030 | (801) 585-5202 |
| jamesmarsh@marsh.law | cassellp@law.utah.edu |
| | (no institutional endorsement implied) |
| | (*pro hac vice* application to be filed) |

*Attorneys for Crime Victims' Rights Organizations*

## CERTIFICATE OF SERVICE

I certify that on December 21, 2020, the foregoing document was served on the parties to this proceeding via email.

 /s/ James R. Marsh
James R. Marsh