## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 20-cr-165-JEB |
| | ) | |
| | ) | |
| KEVIN CLINESMITH, | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

## SUPPLEMENT TO MOTION FOR RELIEF
## UNDER THE CRIME VICTIMS' RIGHTS ACT REGARDING RESTITUTION

In response to the inquiry of the Court, Carter Page ("Dr. Page"), provides this supplement to clarify his motion for relief under the Crime Victims' Rights Act, 18 U.S.C. § 3771, with respect to restitution resulting from the Defendant's offense conduct ("Offense").

In addition to a determination that Dr. Page is a victim of the Offense to which the Defendant has plead guilty in this matter, Dr. Page raised in his motion the issue of his right to seek a restitution award from the Court. In asserting the right to be awarded restitution, Dr. Page noted, however, that he has recently filed a civil action[1] in this Court against the United States, the Department of Justice, the Federal Bureau of Investigation, and eight named individuals, including Defendant Clinesmith, seeking $75 million in damages for their violations of his

---

[1] See Page v. Comey et al. 1:20-cv-03460, hereinafter the "Civil Case."

rights, based on conduct that harmed Dr. Page and proximately caused (in part) by the Defendant's Offense.  Dr. Page also acknowledged in his motion that the Civil Case is a complicating factor in addressing his claim for restitution in this proceeding and that the Court has the authority to decline to enter a restitution order if it determines that the complication and prolongation of the sentencing process resulting from the fashioning of an order of restitution outweighs the need to provide restitution.  *See* 18 U.S.C. § 3663(a)(1)(B)(ii).

In light of these statements, the Court has requested a clarification from Dr. Page in connection with his application for restitution.  Dr. Page states that he is not waiving his right to seek an award of restitution as a victim of the Offense by directing the Court to § 3663(a)(1)(B)(ii).  He is seeking a determination by the Court that he is entitled to restitution in this matter and, *to the extent practicable*, an award of the various forms of restitution to which he is entitled under 18 U.S.C. § 3663.[2]

The calculation of restitution based on the offense conduct in this case—as part of the overall harm he suffered from the FISA warrant abuse at issue—is very complex.  Dr. Page acknowledges there exists a number of practical impediments *at*

---

[2]For example, Dr. Page requested (in his Declaration of Loss provided to the Probation Officer and in his motion) compensation for his expenses in attending the sentencing hearing.  At the time those documents were filed, sentencing was set for an in-person proceeding before this Court in December 2020.  Thereafter, the Court rescheduled the sentencing for January 2021 and directed that it be conducted by a video proceeding pursuant to the Court's covid protocols.  Accordingly, Dr. Page's request for restitution of his travel expenses has become moot.

*this time* to adjudicating an award of restitution to him *qua* victim as part of the sentencing in this case. These include:

1. The Civil Case is in its infancy and Dr. Page has not yet had the opportunity to fully develop the evidence relevant to proving all of his damages. The Court is required to make a final determination of victim losses no later than 90 days after sentencing. 18 U.S.C. § 3664(d)(5). Dr. Page will not be able to marshal all of his evidence of his losses within that timeframe, regardless if the Civil Case Defendants were to Answer and begin to defend against the merits of the claims at issue.

2. Attempting to craft a restitution order for Defendant Clinesmith alone would present very complex proof and causation issues *not* present in the Civil Case, which include that: (a) the civil suit challenges not only the FISA warrant application at issue in this case, but also the three FISA warrants that were previously issued; (b) unless the Court is prepared to impose joint and several liability for all of Dr. Page's damages upon Defendant Clinesmith, the Court would have to make complex and difficult decisions about how to apportion damages among the eleven defendants (ten of whom are not parties in this case) for each of the four FISA warrant applications, *see* 18 U.S.C. § 3664(h); (c) the proper presentation of Dr. Page's damages/restitution calculation for past, present, and future financial harm—as well as any defenses to those losses that Defendant Clinesmith would raise—will very likely benefit from the use of expert opinion; and (d) Dr. Page has not yet been afforded discovery from the Defendants in the Civil

3

Case, which will provide additional evidence on these issues that he cannot now present to the Court.

3.   Finally, a significant consideration is that the Court resolves contested restitution issues through a hearing at which "[t]he burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government."  18 U.S.C. § 3664(e).  Here, however, the Government has a patent conflict of interest in proving the full amount of Dr. Page's proximately caused damages in order to obtain an appropriate restitution award since the Government must also defend being sued by Dr. Page in the Civil Case for inflicting that very harm

This situation is precisely the type of circumstance anticipated by Congress when it enacted § 3663(a)(1)(B)(ii).  Whatever else is covered by the statute's concern for situations that would "unduly complicate or prolong" a sentencing,  it surely must include cases such as the one before the Court.  Indeed, the existence of a parallel civil proceeding against the same defendant for the same conduct *brought by the victim* likely represents the quintessential basis for the statutory provision. Deferring the quantification of the amount of restitution strikes the proper balance between recognizing a victim's right to restitution and burdening the criminal sentencing process when quantification is not readily practicable.

Accordingly, given the numerous difficulties in establishing the appropriate quantum of restitution, Dr. Page does not seek a determination *of the amount* of his loss and a commensurate award of restitution in this case.  He submits that,

pursuant to 18 U.S.C. § 3663(a)(1)(B)(ii), the Court should find that Dr. Page is

entitled to an award of restitution, but also that the complication and prolongation

of the sentencing process entailed in attempting to fashion an order of restitution

outweighs the need to provide restitution in this case, particularly as a pending

parallel Civil Case can fully vindicate Dr. Page's right to a specific amount of

monetary damages.

Respectfully submitted,


_____/s/_____

Leslie McAdoo Gordon
DC BAR #456781
McAdoo Gordon & Associates, P.C.
1140 19th Street, NW, Suite 602
Washington, DC 20036
(202) 293-0534 telephone
(202) 478-2095 facsimile
leslie.mcadoo@mcadoolaw.com


_____/s/_____

K. Lawson Pedigo
Bar ID: TX0186
MILLER KEFFER & PEDIGO PLLC
3400 Carlisle Street, Suite 550
Dallas, Texas 75204
Telephone: (214) 696-2050
klpedigo@mkp-law.net


*Attorneys for Carter Page*

5

## CERTIFICATE OF SERVICE

I hereby certify that, on December 30, 2020, a copy of the foregoing

Supplement to Motion for Relief Under the Crime Victims' Rights Act Regarding

Restitution was served electronically on:

        Justin Shur
        Emily Kathryn Damrau
        Megan Cunniff Church
        Jordan Rice
        MOLOLAMKEN LLP
        600 New Hampshire Avenue, NW
        Suite 660
        Washington, DC 20037

        Anthony F. Scarpelli
        U.S. Attorney's Office for the District of Columbia
        555 Fourth Street, NW
        Washington, DC 20530

        Neeraj Patel
        Special Assistant United States Attorney
        157 Church Street
        25th Floor
        New Haven, CT 06510

        James R. Marsh
        MARSH LAW FIRM PLLC
        31 Hudson Yards, 11th Floor
        New York, NY 10001

        Paul G. Cassell
        S.J. Quinney College of Law
        University of Utah
        383 S. University St.
        Salt Lake City, UT 84108

_____/s/_____
Leslie McAdoo Gordon