UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>KEVIN CLINESMITH,<br><br>Defendant. | Criminal Action No. 20-165 (JEB) |

## ORDER

Defendant Kevin Clinesmith, having pled guilty to one count of False Statements, in violation of 18 U.S.C. § 1001(a)(3), faces sentencing on January 29, 2021. That false statement occurred in connection with the preparation of an application for the renewal of a surveillance warrant from the U.S. Foreign Intelligence Surveillance Court. The target of this fourth application was Carter Page. Supported by *amici* victim-rights organizations, Page now moves for a determination under the Crime Victims' Rights Act that he is a victim of Clinesmith's act and is thus entitled to be heard at sentencing. The Court does not decide whether the CVRA applies to Page, but it will grant him the opportunity to speak at sentencing. It also will decline to award restitution.

Under 18 U.S.C. § 3661, courts at sentencing are not limited in their receipt and consideration of "information concerning the background, character, and conduct of a person convicted of an offense." As the Government points out, this statute alone allows the Court to hear from Page as to the effect of Clinesmith's conduct on him. See ECF No. 37 (Gov't Resp.) at 6 (citing, *inter alia*, United States v. Smith, 967 F.3d 198, 215–16 (2d Cir. 2020) (no error where district court permitted individual to speak at sentencing even where she did not qualify as "victim" of defendant's offense)). The Court agrees and will grant him up to ten minutes at the

1

sentencing hearing. His comments shall be limited to any injury that he believes the fourth FISA application caused him. In other words, because Clinesmith's false statement had no effect on the FISC's approval of the first three surveillance warrants, Page may only discuss harm from the last one.

This ruling means that the Court need not formally analyze whether Page qualifies as a victim under the CVRA, a complicated question that draws much ink from the pens of all parties here. To recap briefly, that statute defines a "crime victim" as a "person directly and proximately harmed as a result of the commission of a Federal offense." 18 U.S.C. § 3771(e)(2)(A). Such definition, everyone here agrees, incorporates both the "traditional 'but for' and proximate cause analyses." In re Rendon Galvis, 564 F.3d 170, 175 (2d Cir. 2009). The Government and Clinesmith contend that Page has not made that showing. For example, they believe that he has not established that the FISC would not have approved the relevant FISA application without the false fact Clinesmith added. See Gov't Resp. at 6–10; ECF No. 38 (Def. Opp.) at 13–17. This is no simple inquiry and involves reviewing all of the material in the fourth application, much of which remains classified. *Amici*, conversely, take a novel and expansive view of victimhood, contending that Page was harmed merely by the FISC's review of a warrant application that was based in part on false information. See ECF No. 28-1 (Amicus Brief) at 11–14. Neither the Government nor Clinesmith, not surprisingly, subscribes to such a broad view. In any event, given its decision to permit Page to speak under § 3661, the Court does not believe that a lengthy exegesis of these matters is necessary or warranted. It thus declines to formally determine whether he qualifies as a victim under the CVRA.

Such a formal finding that Page is a victim would also render him eligible for restitution under another section of the CVRA, 18 U.S.C. § 3663. Such an award is permissive, id.

§ 3663(a)(1)(A), and the Court should also consider the extent of the harm suffered, the financial resources of the defendant and his ability to pay, and other factors it deems appropriate. Id. § 3663(a)(1)(B)(i). Although Page states that he would like a judicial finding on his entitlement to restitution as a victim, he concedes that he is not asking the Court for an actual award: "[G]iven the numerous difficulties in establishing the appropriate quantum of restitution, Dr. Page does not seek a determination of the amount of his loss and a commensurate award of restitution in this case." ECF No. 35 (Page Supp.) at 4 (emphasis removed). His position is understandable here, particularly given that "he has recently filed a civil action in this Court against the United States, the Department of Justice, the Federal Bureau of Investigation, and eight named individuals, including Defendant Clinesmith, seeking $75 million in damages for their violations of his rights." Id. at 1–2 (footnote omitted). He thus expects to obtain monetary relief there as well as in the other civil actions he has filed. See Def. Opp. at 27 (listing other suits).

Page also acknowledges that "the Court has the authority to decline to enter a restitution order if it determines that the complication and prolongation of the sentencing process resulting from the fashioning of an order of restitution outweighs the need to provide restitution. See 18 U.S.C. § 3663(a)(1)(B)(ii)." Page Supp. at 2. He believes that this is the case here inasmuch as fully calculating his loss that is attributable to Clinesmith alone and not other Government actors will take considerable time. Id. at 2–4. The Court agrees that declining to issue an award is the proper course here for several reasons. First, as discussed above, there is no certainty that Page even qualifies as a victim under the CVRA. Second, even if he does, calculating what Clinesmith's actions have cost him is an exceedingly difficult task on which Page is not now prepared to embark. Third, Page appears to prefer other routes of recovery via his civil actions,

though the Court offers no opinion on their likelihood of success.  Finally, Clinesmith has pointed out that his resources are limited, as he is now unemployed and has a baby on the way. See Def. Opp. at 28 n.17.  The Court, accordingly, will not mandate the payment of any restitution.

  For the reasons set forth above, the Court ORDERS that:

1. Page's [26] Motion for Relief is GRANTED IN PART and DENIED IN PART;

2. Page may speak for up to ten minutes at Clinesmith's sentencing; and

3. No restitution will be awarded.

                /s/ James E. Boasberg
                JAMES E. BOASBERG
                United States District Judge

Date:  January 19, 2021